Akdp.ew McClain, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Knox County, for larceny, plead not guilty, was tried and found guilty, and has appealed to this Court. He is charged with having stolen from the prosecutor, three augur hits, one hollow augur and one bevel square. Some of these articles were missed at the shop of the prosecutor during the October Term, of the Circuit Court of Knox County, in the year 1867, and they • were all missed before the month of .December, 1867.
In the month of December, 1867, they were found in the possession of the witness, Keys, who swears he received them from the plaintiff in error, and that they were pledged by plaintiff in error to him for whisky, he, the witness, being a retailer of liquor. Keys testifies that they were brought to his house at different times, by plaintiff in error, but he is not able to recollect the precise time when. The tools last brought by plaintiff in error to him, he swears were brough *526 one [or two ’weeks before tlie prosecutor came and claimed them in December, 1857.
Tbe plaintiff in error bad worked in the employ of the] prosecutor, but had ceased to work there, before the tools tvere taken. While working there, however, plaintiff in error, by permission, would occasionally take a tool home with him at night, for some purpose, and return it next morning.
The plaintiff in error also, as often as twice, had left other tools with witness, Keys, in the same Avay the tools mentioned in the indictment were left, and had afterwards redeemed them. It does not appear whether these were the tools of prosecutor or not, or what was done with them when redeemed.
In reference to the tools now in controversy, the contract between Keys and plaintiff in error, was, that whenever he would pay for the whisky, they should be restored to him. The charge of the Court Aye think is correct.
Larceny is the felonious taking and carrying away the personal goods of another. The taking must be luori causa, and as the Court correctly stated to the jury, the taking must be done without the least color of right or excuse for the act, and Avith the intent to deprive the owner, not temporarily, but permanently, of of his property. Applying this definition of larceny to the facts of the present case, does the guilt of the plaintiff in error appear? Possession of the fruits of crime recently after its commission, is prima facie evidence of guilty possession, and if unexplained, either by direct evidence, or by the attending circumstances, or *527 by the character and habits of life of the possessor, or otherwise, it is taken as conclusive: Hughes vs. The State, 8 Hum., 75.
Ho the attending circumstanses in the present case, explain the possession of the plaintiff in error? It is sometimes difficult to distinguish between larceny and mere trespass. Greenleaf in 3d vol. of his work on Evidence, at sec. 157, in discussing this distinction, says: “If the taking, though wrongful, be not fraudulent, it is not larceny, but is only a trespass, and ought to be so regarded by the jury, who alone, are to find the intent, upon the consideration of all the circumstances. Thus, if it should appear that the prisoner took the prosecutor’s goods openly' in his presence, or the presence of other persons, and not by robbery; or, having them in possession, avowed the fact before he was questioned concerning them; or, if he seized them upon a real claim of title, or took his tools to use, or his horse to ride, and afterwards returned them to the same place, and promptly informed the owner of the fact; or, having urgent and extreme necessity for the goods, he took them against the owner’s will, at the same time tendering to him in good faith their full value in money; or took them by mistake arising from his own negligence; these circumstances would be pregnant evidence to the jury, that the taking' was without a felonious intent, and therefore but a mere trespass.”
The present case differs widely from any of the instances mentioned in the quotation just made.
The prosecutor swears that these tools were taken after the plaintiff in error had ceased to work in his *528 employment, and that they were taken without his knowledge or consent — and so far as we can see from the evidence in this cause — without the least color of right or excuse for the act. He says nothing to the prosecutor about it, but puts them' in pawn for whisky. We think these facts and attending circumstances, furnish no ground for relief to the plaintiff in error, from the imputation of guilty possession.
Let the judgment be affirmed.